### GULF, C. & S. F. R. Co. *v.* CAMPBELL.

*(Circuit Court of Appeals, Eighth Circuit.   February 1, 1892.)*

**1. INDIAN TERRITORY—IMPANELING JURY.**
    In a civil case in the Indian Territory defendant is entitled to have a panel of 18 competent jurors from which to make his peremptory challenges, as provided by Mansf. Dig. Ark. § 4036, which is in force in the territory. *Railway Co.* v. *Washington*, 49 Fed. Rep. 347, followed.

**2. SAME—INSTRUCTIONS—REDUCTION TO WRITING.**
    In civil actions in the Indian Territory the court cannot be required to reduce its general charge to writing, since Mansf. Dig. Ark. § 5131, subd. 5, only requires that requested instructions shall be reduced to writing.

In Error to the United States Court in the Indian Territory.

Action by W. R. Campbell against the Gulf, Colorado & Santa Fe Railroad Company to recover damages for killing stock.   Verdict and judgment for plaintiff.   Defendant brings error.   Reversed.

*E. D. Kenna, J. W. Terry,* and *C. L. Jackson,* for plaintiff in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

CALDWELL, Circuit Judge.   This was an action commenced before a United States commissioner in the Indian Territory (those officers in that territory being invested by act of congress with the jurisdiction com-

monly exercised by justices of the peace) to recover damages for the alleged negligent killing of two sheep by the plaintiff in error. The plaintiff below recovered judgment for $30 before the commissioner. The railroad company appealed from the judgment of the commissioner to the United States court, where the case was tried *de novo* before a jury, and there was a verdict and judgment in that court in favor of the plaintiff for $30, and the company sued out this writ of error.

The following errors are assigned:

"*First.* The court erred in refusing to furnish counsel with a list of eighteen qualified and competent jurors, as requested by defendant's attorneys, from which to make peremptory challenges. *Second.* The court erred in overruling defendant's objection to the introduction of any evidence, because the complaint failed to state a cause of action. *Third.* The court erred in permitting plaintiff, Campbell, as a witness in his own behalf, to testify that he could see one-half mile each way from where the sheep in question were found dead. *Fourth.* The court erred in declining to instruct the jury to render a verdict in favor of the defendant in this case. *Fifth.* The court erred in refusing to charge the jury in writing. *Sixth.* This court erred in charging the jury as follows: 'The burden of proof is upon plaintiff, and he must have proved all the facts by a fair preponderance of the evidence, and that he was the owner of the sheep that were killed by defendant railway company. Defendant denies each and every allegation in plaintiff's complaint contained. Plaintiff must also prove that the sheep were killed by the neglect of the defendant company.'"

These assignments of error will be considered in their order.

*First.* The court should have granted the defendant's request for a panel of 18 competent jurors from which to make its peremptory challenges. *Railway Co.* v. *Washington*, 49 Fed. Rep. 347, (at the present term.)

*Second.* The complaint filed with the commissioner was sufficient. It stated the cause of action with more detail and technical accuracy than the act regulating pleadings in commissioners' courts requires. Mansf. Dig. § 4036.

*Third.* This court rightly overruled the objection to this evidence. *Railway Co.* v. *Washington*, *supra.*

*Fourth.* As the case must go back for a new trial, we refrain from discussing the evidence, or expressing any opinion as to its sufficiency to support the verdict of the jury.

*Fifth.* The provision of the Code in force in the territory relating to the mode of charging juries reads as follows:

"When the evidence is concluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court, which instructions shall be reduced to writing if either party require it." Mansf. Dig. § 5131, subd. 5.

This provision has relation to the instructions specially requested by the parties. Such instructions must be in writing if either party requires it. But the charge of the court, in chief, which it gives on its own motion, is not, by this section, required to be reduced to writing. There is such a requirement in the constitution of Arkansas, but that is not in force in the Indian Territory. In this case neither party preferred

any requests for instructions. The court charged in chief, and it was not error for the court to decline to reduce that charge to writing.

*Sixth.* The exception to this instruction is that it does not state the law. We think as much of the law as it assumes to state is stated correctly. If the defendant desired additional or specific instructions on any point or issue in the case, it should have preferred its requests at the time. For the first error assigned the judgment is reversed, and the cause remanded, with directions to grant a new trial.